IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MILTON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-0762 |
| ) | Judge Nixon |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Milton Harris's Motion for Award of Attorney's Fees and Costs ("Plaintiff's Motion" or "Motion") (Doc. No. 185) and Memorandum in Support (Doc. No. 186). Defendant Metropolitan Government of Nashville and Davidson County has filed a Response (Doc. No. 211). For the reasons discussed herein, Plaintiff's Motion is **GRANTED** and Defendant is **ORDERED** to pay attorney's fees consistent with this Order.

### I. BACKGROUND

#### A. Factual Background

The Court adopts the factual background section of the Order granting Plaintiff's Motion for Judgment as a Matter of Law (Doc. No.170), unless otherwise noted.

#### B. Procedural Background

Milton Harris initiated this suit against Defendant and several others on August 26, 2004.

1

(Doc. No. 1). Plaintiff brought claims of race discrimination under Title VII of the Civil Rights Act of 1942 ("Title VII"), 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981(b), the Equal Protection Clause of 42 U.S.C. § 1983, and the Tennessee Human Rights Act ("THRA"); age discrimination under the Age Discrimination in Employment Act, ("ADEA") 42 U.S.C. § 6101, et seq. and the THRA; retaliation under 42 U.S.C. § 1981; violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.; and breach of contract, intentional or negligent infliction of emotional distress, and malicious harassment under state common law. (Doc. No. 119). Plaintiff filed an Amended Complaint on October 6, 2004 (Doc. No. 5), and a Second Amended and Supplemental Complaint on February 1, 2005 (Doc. No. 24).

At the pleadings stage, Judge Echols dismissed Plaintiff's claim against all Defendants for race discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for failure to state a claim. (Doc. No. 57). Judge Echols also dismissed Plaintiff's claims of intentional and negligent infliction of emotional distress and malicious harassment as to all Defendants as a result of Plaintiff's voluntary agreement. (Id.). Subsequently, Judge Echols entered summary judgment in favor of Defendants for race discrimination under Title VII and the THRA, age discrimination under the ADEA and the THRA, and retaliation under 42 U.S.C. § 1981. (Doc. No. 109). Thus, Plaintiff's only remaining claims were for violation of the FMLA and breach of contract against Defendant Metropolitan Government. (Id.).

On August 5, 2008, Plaintiff filed a Motion for Judgment as a Matter of Law on the remaining FMLA and breach of contract claims. (Doc. No. 163). After hearing argument from both parties on August 9, 2008, this Court ruled in favor of Plaintiff on both claims. (Doc. No. 170). The Court awarded total damages in the amount of $9,258.82 ($3,084.77 in compensatory

damages, $1544.64 in prejudgment interest, and $4,629.41 in liquidated damages). (Doc. No. 181). Plaintiff then filed this Motion for Award of Attorney Fees and Costs (Doc. No. 185) and Memorandum in Support (Doc. No. 186) on October 16, 2008. Plaintiff filed the Declarations of Plaintiff's counsel, Douglas B. Janney III (Doc. No. 188) and Joseph H. Johnston (Doc. No. 195) on October 16, 2008 and October 17, 2008, respectively. Plaintiff also filed the Declarations of Robert Belton (Doc. No. 189), Stephen W. Grace (Doc. No. 190), and Charles P. Yezbak III (Doc. No. 191) in support of the Motion on October 16, 2008. Defendant filed a Response to Plaintiff's Motion on February 20, 2009. (Doc. No. 211).

On July 17, 2009 the Court awarded Plaintiff **$3,212.00** in litigation-related costs. (Doc. No. 212).

## II. LEGAL STANDARD

The FMLA states that a court shall award reasonable attorney's fees and costs to a successful plaintiff. 29 U.S.C. § 2617(a)(3) (2009). The first step in calculating reasonable attorney fees "is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The court should consider twelve factors when determining the reasonableness of the hours and rate:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

3

> circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley, 461 U.S. at 430 n.3. "'Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004) (quoting Hensley, 461 U.S. at 434 n.9).

Generally, there is a "strong presumption" that a prevailing party is entitled to the lodestar amount. Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992)). However, a court may adjust the lodestar "to reflect relevant considerations" of the particular case, including the abovementioned twelve factors. Adcock-Ladd, 227 F.3d at 349. The Supreme Court found that "the most crucial factor is the degree of success obtained." Hensley, 461 U.S. at 436. Moreover, the Court stated that when a plaintiff has achieved only partial success, there is no precise rule or formula to determine the fee award. Id. As such, district courts may "identify specific hours that should be eliminated, or [they] may simply reduce the award to account for the limited success." Id. Although district courts have discretion in determining the proper award in such circumstances, they must "consider the relationship between the extent of success and the amount of the fee award." Id. at 438. Ultimately, district courts should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435.

District courts may also make downward adjustments if the fee applicant fails to adequately document the hours worked and the rates claimed. Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999) (citing Hensley, 461 U.S. at 433). The key requirement is that "[t]he

documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." United Slate, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502 n.2 (6th Cir. 1984). If the documentation is inadequate, the court may reduce the award accordingly. Hensley, 461 U.S. at 433.

### III.  ANALYSIS

In the instant motion, Plaintiff seeks attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and the FMLA, 29 U.S.C. § 2617(a)(3), for work completed over four years of litigation. During the course of this action, two attorneys represented Mr. Harris: Joseph H. Johnston ("Mr. Johnston") and Douglas B. Janney III ("Mr. Janney"), both of Nashville, Tennessee. Mr. Harris requests $88,270.00 for Mr. Johnston's services (271.6 hours at $325 per hour) and $21,917.50 for Mr. Janney's services (79.7 hours at $275 per hour). In total, Mr. Harris's request for attorney's fees comes to $110,187.50. Additionally, Mr. Harris requests $3,679.00 in legal costs and expenses related to the litigation. Thus, the full amount that Mr. Harris seeks from Defendant is $113,866.50. Defendant raises several objections to Mr. Harris's request, which are addressed below.

    A. *Mr. Janney's Fees*

        1. Reasonable Hourly Rate

Mr. Harris seeks $275 per hour for the work that Mr. Janney performed in 2008. Defendant does not object to this rate. Mr. Janney has practiced law since May 1998 and currently owns a solo practice specializing in employment litigation. Mr. Janney's requested

5

hourly rate is supported by the declarations of Stephen W. Grace and Charles P. Yezbak III, both Nashville attorneys specializing in employment litigation. Both assert that an hourly rate of $275 for Mr. Janney's background and experience is reasonable in the Nashville marketplace. A court in this District awarded Mr. Janney an hourly rate of $225 for his work on an FMLA case during 2005 and 2006. Bryant v. Dollar General Corp., 2007 WL 1875825, **1-2 (M.D. Tenn. June 26, 2007). Considering that Defendant raises no objections, the supporting declarations, and Mr. Janney's work on this case, the Court grants the requested hourly rate of **$275** for Mr. Janney's work.

### 2. Hours Reasonably Expended

The Court notes that the later entries in Mr. Janney's time records are related to preparing the instant Motion for fees. Traditionally, these "fees on fees" are awarded separately from hours spent litigating the compliant. See Auto Alliance Intern., Inc., v. U.S. Customs, 155 Fed. Appx. 226 (6th Cir. 2005); Carroll v. United Compucred Collections, Inc., 2008 WL 3001595 (M.D. Tenn. July 31, 2008). Accordingly, the Court will divide Mr. Janney's documented hours into two groups: (1) work performed on the underlying case and (2) work performed on the fee request – and address the "fees on fees" separately.

Of the 79.7 hours that Mr. Harris requested for Mr. Janney, the Court calculates that Mr. Janney spent 14.3 hours preparing the current Motion, reducing Mr. Janney's maximum hours for the current lodestar calculation to 65.4 hours. There is no dispute that all of the 65.4 hours pertain to successful claims because Mr. Janney joined the case when only the FMLA and breach of contract claims remained. However, Defendant requests that the Court reduce Mr. Janney's fees by 25 percent because the litigation did not necessitate an additional attorney, and therefore it

6

Case 3:04-cv-00762   Document 213   Filed 08/06/09   Page 6 of 13 PageID #: 1890

would be unfair for the Government to pay the entirety of Mr. Janney's fees.

After analyzing Mr. Janney's and Mr. Johnston's time records, the Court agrees that some reduction is appropriate. The attorneys both billed an appreciable amount of time for communication between themselves, introducing Mr. Janney to the case. Moreover, the work of both attorneys totals over 100 hours in 2008, which is substantially more time than Mr. Johnston spent on this case in most years prior to enlisting Mr. Janney's assistance. The only year in which Mr. Johnston spent nearly that amount of time on this case was 2005, at which point all of the initial claims remained and the bulk of discovery occurred. The Court recognizes that Mr. Janney litigated and won a dispositive motion, as well as succeeded in litigation related to the determination of damages. However, the total number of hours is unreasonable given that most of this litigation occurred over only two months and involved a single issue – Defendants' breach of the FMLA. That issue did not present any particularly novel or difficult legal issues for two attorneys experienced in employment law, and therefore did not necessitate an exceptional amount of time from multiple counsel. The Court finds it appropriate to reduce the fees, albeit not as drastically as Defendant proposes. However, in doing so, the Court finds it inequitable to assign the full reduction to Mr. Janney and thus the Court reduces Mr. Janney's hours by **10 percent** and will subsequently apply a **5 percent** reduction to Mr. Johnston's hours.

In conclusion, the Court will award Mr. Janney fees for **58.9 hours** at a rate of **$275** per hour, for a total of **$16,197.50**.

    B.    *Mr. Johnston's Fees*

        1.  Reasonable Hourly Rate

Mr. Harris requests an hourly rate of $325 for Mr. Johnston's services. Mr. Harris

supports this request with the Declaration of Robert Belton, an experienced civil rights lawyer and Professor at Vanderbilt University Law School. Mr. Belton asserts that $325 is a reasonable rate for an attorney with Mr. Johnston's experience. Defendant contends that Mr. Johnston's requested hourly rate is excessive and that Mr. Johnston should not be awarded the same rate for all of his hours expended over four years. Defendant proposes that the Court award Mr. Johnston $225-250 for his work from 2004 to 2006, and $275 starting on January 1, 2007. In some instances, the Court may find that it is appropriate to stagger an attorney's rate over the course of litigation. However, in this case the difference in Mr. Johnston's skill and experience over the four years is inconsequential, given that he had practiced for 28 years before the inception of this litigation. Thus, the Court declines to stagger the award for Mr. Johnston's hourly rate.

In 2007, a court in this District awarded a rate of $275 to an attorney with 15 years of experience for work performed in 2006. Randolph v. Schubert, 2007 WL 2220407, *3 (M.D. Tenn. July 27, 2007). More recently, a court awarded a rate of $300 to an attorney with 28 years of experience for work performed in 2006 and 2007. Layman Lessons, Inc. v. City of Millersville, 550 F.Supp.2d 754, 766 (M.D. Tenn. 2008). However, as Defendant notes, the Layman court partially justified this award based on the novelty of the relevant law. Id. Such novelty is absent from the current case.

Based on Mr. Johnston's substantial experience, Mr. Belton's sworn Declaration, and the rates awarded to similarly experienced attorneys in this District, the Court finds that Defendant's proposed reduction in Mr. Johnston's rate is too drastic. However, the Court is persuaded that Mr. Harris's proposed request of $325 is excessive based on the awards in recent cases involving lawyers with similar experience. Accordingly, the Court awards Mr. Johnston a rate of **$300** for

the hours that he reasonably expended on this litigation.

### 2. Hours Reasonably Expended

As with Mr. Janney, the Court will first separate Mr. Johnston's requested hours to distinguish the time that he spent preparing the instant fee motion and supporting declarations from his work on the underlying litigation. The Court calculates that Mr. Johnston spent 10.2 hours on the fee request, thus reducing Mr. Johnston's maximum hours for the lodestar calculation from 271.6 hours down to 261.4 hours.

Defendant argues that the Court should further reduce Mr. Johnston's hours because the majority of Mr. Harris's claims were dismissed. Specifically, Defendant requests that the Court reduce Mr. Johnston's hours by 75 percent for his work before April 5, 2006, when Judge Echols dismissed all claims except the FMLA and breach of contract claims. Defendant argues that the legal issues and proof for the successful FMLA claim were unrelated to Mr. Harris's unsuccessful discrimination and retaliation claims so that it would be unjust to compensate Mr. Johnston for his work on those claims. Mr. Harris asserts that all of the claims involved the same common core of facts and were so interrelated that the work Mr. Johnston performed on one claim cannot be divorced from the work on others. Further, Mr. Harris maintains that he achieved excellent results because the Court awarded him the maximum amount of damages available on the FMLA claim, and "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." Hensley, 461 U.S. at 435.

Although the degree of success is the most critical factor in calculating a reasonable fee award, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id. at 435-36. Instead, "when claims are based on a

9

common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." Deja Vu of Nashville, Inc. v. Metropolitan Gov't. of Nashville & Davidson County, 421 F.3d 417, 423 (6th Cir. 2005). However, when a plaintiff has achieved only partial or limited success, the court should award fees that are "reasonable in relation to the success obtained." Hensley, 461 U.S. at 435.

The Court disagrees that Mr. Harris's FMLA claim is so interrelated with the discrimination and retaliation claims that it would impossible to distinguish them. While all of the other claims alleged unlawful treatment based on Mr. Harris's age or race, the successful FMLA claim involved Mr. Harris's time away from work due to his multiple illnesses. Further, the proof for the FMLA claim involved Mr. Harris's coaching stipend while he was on leave and upon returning to work during the same school year. In contrast, the discrimination and retaliation claims focused on the decision to replace Mr. Harris as head coach for a subsequent school year. On the other hand, the Court finds that Defendant's proposed reduction is too drastic given that a portion of Mr. Johnston's discovery supported all of the claims and Mr. Harris received an "excellent" award for the FMLA claim. The Court concludes that a **25 percent** reduction will fully and reasonably compensate Mr. Johnston for his work on the underlying litigation.

Defendant contends that the Court should further reduce Mr. Johnston's hours by 10 percent because his handwritten time records are illegible, therefore failing to provide the Court with sufficient records. The Court declines to make this reduction. Mr. Johnston provided a typed version of his time records with his Declaration (Doc. No. 195), and the Court finds no reason to

doubt Mr. Johnston's transfer of handwritten notes into a typed document. Further, the standard for reducing attorney's fees because of inadequate records usually pertains to the level of detail in the documentation. See Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 553 (6th Cir. 2008) (finding that billing records were sufficient because they identified the client, dates, hours billed in tenths of an hour, and specific tasks completed); Reed, 179 F.3d at 472; United Slate, Local 307, 732 F.2d at 502 n.2. Here, Mr. Johnston's records are "of sufficient detail and probative value" for the Court to determine the reasonableness of his expended hours. United Slate, Local 307, 732 F.2d at 502 n.2. Accordingly, the Court will not reduce Mr. Johnston's hours for inadequate time records.

Finally, Defendant requests that the Court reduce Mr. Johnston's fees to account for time spent on administrative tasks and travel time that Mr. Johnston bills at his full rate. The Court agrees; it would be excessive for Defendant to pay $300 per hour for tasks that a secretary or courier service would have performed for substantially less. Examples of these tasks from Mr. Johnston's billing records include copying, mailing, and delivering various documents. Rather than parsing out all of the time Mr. Johnston spent on such tasks over the course of four years, the Court grants Defendant's request to reduce Mr. Johnston's hours by a percentage. However, 10 percent of Mr. Johnston's total hours would amount to substantially more time than Mr. Johnston reasonably spent on administrative tasks. Thus, the Court will reduce Mr. Johnston's hours by **5 percent.**

In conclusion, the Court awards Mr. Johnston fees for **191.3** hours at a rate of **$300** per hour, for a total of **$57,390.00**.

C. *"Fees on Fees"*

A party may recover fees for time spent preparing the party's request for attorney's fees. Auto Alliance Intern., Inc., 155 Fed. Appx. 229 (citing Wesenberger v. Heucker, 593 F.2d 49, 53-54 (6th Cir. 1979)). The Sixth Circuit's "general rule" is that absent unusual circumstances, recovery for preparing a party's request for attorney's fees "should not exceed three percent of the hours in the main case which is decided without trial." Id. (citing Coulter v. Tennessee, 805 F.2d 146, 152 (6th Cir. 1986)). This Court previously reduced a "fees on fees" lodestar because "collecting billing data, preparing declarations, and updating legal memoranda . . . are not complicated or novel tasks that require the expertise of a seasoned attorney." Carroll v. United Compucred Collections, Inc., 208 WL 3001595, at *6 (M.D. Tenn. July 31, 2008).

The Court calculates that Mr. Harris's counsel spent a total of 24.5 hours preparing Plaintiff's Motion and obtaining supporting declarations in October 2008. At their respective hourly rates, this comes to nearly $7,000 in "fees on fees," substantially more than the three percent allowed under Coulter. Alternatively, the Court finds that each attorney should receive an additional **three percent** of their awarded fees to compensate them for work performed preparing the instant fee motion and supporting documents. An additional three percent for Mr. Janney's "fees on fees" award is **$485.93** and for Mr. Johnston, it amounts to **$1,721.70**.

D. *Costs*

Defendant specifically challenged one item for which Mr. Harris seeks to recover litigation costs. Defendant argued that the Court should not award costs for the deposition of Marlon Simms, the assistant coach who replaced Mr. Harris as head coach, because the deposition was not relevant to the prevailing claims. The Court has already addressed this issue

12

and found that the cost of Mr. Simms' deposition is not compensable. (Doc. No. 212). In addition, the Court's July 17, 2009 Order awarded Mr. Harris **$3,212.00** in litigation costs.

IV. CONCLUSION

Mr. Harris's Motion for the Award of Attorney's Fees and Costs is **GRANTED** with the foregoing reductions. Defendants are **ORDERED** to pay Plaintiff **$59,111.70** for Mr. Johnston's work and **$16,683,43** for Mr. Janney's work.

It is so ORDERED.

Entered this the 30th day of July, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT